**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. 03 C 3578 |
| | ) | |
| v. | ) | Magistrate Judge Morton Denlow |
| | ) | |
| **QT, INC., Q-RAY, COMPANY,** | ) | |
| **BIO-METAL, INC., QUE TE PARK,** | ) | |
| a.k.a. **ANDREW Q. PARK,** and | ) | |
| **JUNG JOO PARK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Que Te Park ("Defendant" or "Park") moves to amend his answer to Plaintiff Federal Trade Commission's ("FTC") complaint to assert the affirmative defenses of res judicata and collateral estoppel. The FTC claims that: (1) Defendant has waived his right to assert these defenses, and (2) both defenses are without merit. For the purposes of this motion, the Court limits its inquiry to whether Defendant should be allowed to amend his answer and does not address the merits of the defenses. For the reasons stated below, the Court finds that Defendant may amend his answer to assert the affirmative defenses of res judicata and collateral estoppel.

### I. BACKGROUND FACTS

The FTC filed its Complaint on May 27, 2003. Defendant filed his answer on July 8, 2003. Defendant's answer did not raise collateral estoppel or res judicata as an affirmative

defense. In July 2003, Park was an individual defendant in the Circuit Court of Cook County in a class action case brought against QT, Inc. and Park. *Casey v. QT, Inc.*, Case No. 03 CH 1134 ("Class Action"). In the Class Action, a nationally certified class asserted claims on behalf of consumers in the United States for: (1) breach of the Uniform Commercial Code ("UCC") implied warranty of merchantability; (2) breach of the UCC express warranty; (3) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (4) breach of contract; and (5) unjust enrichment.

On November 16, 2005, the court in the Class Action directed a verdict in favor of Defendant individually (the "Directed Verdict") and against the national class on all counts of the complaint asserted against Defendant.[1] A bench trial in the Class Action concluded on January 3, 2006. A judgment in favor of the defendants was entered on January 3, 2006. A motion to reconsider was denied on May 1, 2006. The Class Action plaintiffs filed a notice of appeal on May 26, 2006. They did not appeal the Directed Verdict. The jurisdictional time to appeal the Directed Verdict expired on May 31, 2006. Defendant filed this motion to amend his answer the following day, June 1, 2006, four days before a bench trial in this case was set to commence.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(c) requires a defendant to raise affirmative defenses, such as res judicata and collateral estoppel, in his or her answer. *Williams v.*

---

[1] A bench trial also transpired, but Defendant's collateral estoppel and res judicata defenses stem solely from the Directed Verdict.

*Lampe*, 399 F.3d 867, 870-71 (7th Cir. 2005). Affirmative defenses not included in the answer are considered waived. *Marcus v. Sullivan*, 926 F.2d 604, 615 (7th Cir. 1991). However, the district court has the discretion to allow the defendant to amend his or her answer to assert an affirmative defense not raised initially. *Williams*, 399 F.3d at 871. Therefore, "[t]he failure to plead an affirmative defense in the answer works a forfeiture only if the plaintiff is harmed by the defendant's delay in asserting it." *Carter v. United States*, 333 F.3d 791, 796 (7th Cir. 2003).

### III. DISCUSSION

Defendant argues that June 1, 2006 was the first day he could file, in good faith, this motion to amend his answer, and thus he did not unduly delay asserting these affirmative defenses. Defendant also argues that the FTC will not be prejudiced if he is permitted to amend his answer. In response, the FTC argues that Defendant has waived the defenses because he was required to file his motion to amend his answer in November 2005 as soon as he received the Directed Verdict. By waiting until the eve of trial, the FTC argues, Defendant forfeited the defenses and should not be allowed to amend his answer.

Defendant claims that under Illinois law, a judgment does not become final for purposes of collateral estoppel or res judicata until the potential for appellate review has been exhausted. The Seventh Circuit, however, stated that it has "no idea what the law of Illinois is on the question whether a pending appeal destroys the claim preclusive effect of a judgment." *Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995). The Seventh Circuit's confusion stems from the fact that the Illinois Supreme Court, in *State Life Insurance Co. v.*

3

*Board of Education*, 81 N.E.2d 877, 880 (Ill. 1948), held that the decision of the court of first instance is given preclusive effect regardless of whether the losing party appeals the decision. Then, in *Ballweg v. City of Springfield*, 499 N.E.2d 1373, 1375 (Ill. 1986), Illinois' highest court ruled that "[f]or purposes of applying the doctrine of collateral estoppel, finality requires that the potential for appellate review must have been exhausted." The Seventh Circuit commented that "[the Illinois Supreme Court] appears to have been unaware that it was contradicting long-settled law; it did not cite any of the cases that looked the other way." *Rogers*, 58 F.3d at 302.

While *Ballweg* is limited to collateral estoppel, two of Illinois' intermediate appellate courts have extended the finality rule in *Ballweg* to res judicata. *Id.* (citing *Luckett v. Human Rights Comm'n*, 569 N.E.2d 6, 10 (Ill. App. 1st Dist. 1989); *Pelon v. Wall*, 634 N.E.2d 385, 388 (Ill. App. 2d Dist. 1994)). Other Illinois appellate courts, however, have continued to follow *State Life Insurance*, thus creating "an intra-court conflict." *Id.* (citing *Illinois Founders Ins. Co. v. Guidish*, 618 N.E.2d 436, 440 (Ill. App. 1st Dist. 1993)).

In this case, the Court must only decide if Defendant is permitted to amend his answer, and whether Defendant unreasonably delayed bringing this motion. Because of the unsettled nature of the law in Illinois regarding what constitutes finality for collateral estoppel and res judicata purposes, the Court finds that Defendant was reasonable in asserting that the Directed Verdict was not final until May 31, 2006, when the jurisdictional time period to appeal expired. Defendant properly relied upon a reasonable interpretation of Illinois law. The FTC, however, argues that Defendant was required to file this motion to

4

amend as soon as he received the Directed Verdict in November 2005. The FTC cites three Seventh Circuit cases in support of its position, but each case is distinguishable.

In *American Nat'l Bank & Trust Co. of Chicago v. Regional Transp. Auth.*, 125 F.3d 420, 429 (7th Cir. 1997), the Seventh Circuit upheld the district court's ruling denying leave to amend an answer to raise collateral estoppel as an affirmative defense. Although the state court decision the defendant in that case was relying on had not been issued at the time of the federal trial, the Seventh Circuit found that the defendant knew of the state court litigation and the theories it was presenting there, yet it did not raise collateral estoppel as an issue in the pretrial order. *Id.* at 429. In fact, the defendant did not bring up the issue until after the trial was completed, and thus the district court denied the motion finding that the party against whom collateral estoppel was asserted would be significantly prejudiced. *Id.* Moreover, instead of asserting collateral estoppel before trial, the defendant successfully moved in a motion in limine to have any reference to the parallel state litigation excluded. *Id.* at 429-30. At that time, the defendant had argued that the issues involved in the two cases were completely different. *Id.* at 430.

In this case, Defendant formally raised the affirmative defenses of collateral estoppel and res judicata, via this motion, before trial. Moreover, Defendant discussed with, and thus gave notice to, the FTC about the possibility of asserting these defenses when the parties met on April 25, 2006 in connection with the submission of a joint pre-trial order. Finally, far from a motion in limine to exclude reference to the Class Action, the FTC designated several documents from the Class Action as exhibits in the bench trial before this Court. Clearly, the

facts of the instant case are markedly different from *American Nat'l Bank & Trust Co. of Chicago*.

In *Sterling v. Riddle*, No. 99 C 2678, 2000 WL 198440, at *4 (N.D. Ill. 2000), the defendant first raised res judicata when it filed its motion for summary judgment and asked the court to recognize it as an amendment to its answer adding the affirmative defense. The court stated that "[t]he purpose of the rule is to avoid surprise and prejudice to the plaintiff by providing him notice and the opportunity to demonstrate why the defense should not prevail." *Id.* The court also noted that "once the availability of an affirmative defense is reasonably apparent, the defendant must notify the court and the plaintiff of his intent to pursue that defense. A defendant should promptly seek the court's leave to amend his answer to include the defense." *Id.* The court ruled that the defendant waived its res judicata defense for several reasons: (1) the defendant filed its complaint on April 23, 1999, raised the defense of res judicata in its summary judgment motion on December 16, 1999, and the plaintiff did not receive notice of the defenses until December 21, 1999, which was four days after the discovery deadline; (2) the plaintiff would have had the opportunity to conduct discovery on the issue of res judicata had the defendant plead the defense in its answer or amended answer; (3) defendant failed to assert res judicata in its motion to dismiss; and (4) the availability of the defense was apparent from the time the complaint was filed and the defendant gave no reason for the delay. *Id.*

In this case, the complaint was filed on May 27, 2003 and the Directed Verdict was issued on November 16, 2005. The availability of collateral estoppel and res judicata was

not apparent until November 16, 2005, and the Defendant provided a reasonable explanation for his delay in filing this motion. Moreover, the FTC has been aware of the Class Action and it used documents from that litigation in the trial before this Court. Unlike the plaintiff in *Sterling*, the FTC will be neither surprised nor prejudiced if Defendant amends his answer and adds these affirmative defenses.

Finally, in *Moriarty v. Hills Funeral Home, Ltd.*, 93 F. Supp. 2d 910, 920 (N.D. Ill. 2000), the court found that the defendant waived his collateral estoppel defense by not raising it earlier. In doing so, the court stated that "when such a preclusion defense does not become available until later in the litigation, it must be raised 'at the first reasonable opportunity after the rendering of the decision having the preclusive effect.'" *Id.* (quoting *Aetna Cas. & Sur. Co. v. General Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992)). Again, however, *Moriarty* is distinguishable from the instant case.

There, the court issued an order on March 21, 2000, granting judgment as to liability for plaintiff against the defendant. *Id.* at 919. The following day, on March 22, 2000, the defendant filed a motion to reconsider that order, asserting collateral estoppel based on an earlier Seventh Circuit decision. *Id.* The court found that the defendant could have raised the defense of collateral estoppel almost a full year before on April 29, 1999, when the district court rendered its decision, and again after January 12, 2000, when the Seventh Circuit affirmed the April 29, 1999 decision. *Id.* at 919-20. The defendant also failed to raise the issue in his summary judgment motion in that one-year period. *Id.* at 920. Thus, the court found that the defendant's "failure to assert [collateral estoppel] based on a decision

7

issued nearly a year *before* he had to face the imminent possibility of an adverse summary judgment in this action constitutes waiver." *Id.* at 920-21.

In this case, Defendant formally raised the affirmative defenses of collateral estoppel and res judicata the day after the Directed Verdict became final, according to his reasonable interpretation of Illinois law. Defendant also gave notice to the FTC of the possibility of such affirmative defenses more than a month before filing this motion. Unlike the defendant in *Moriarty*, Park did not wait until after summary judgment was granted to raise the defenses of collateral estoppel and res judicata when he could have raised them in the summary judgment motion. For these reasons, and the other reasons set forth above, the Court finds that this case is distinguishable from *Moriarty* and Defendant did not waive the affirmative defenses.

## IV. CONCLUSION

The Directed Verdict for Defendant was issued on November 16, 2005. Under Defendant's reasonable interpretation of Illinois law, the Directed Verdict was not final until May 31, 2006. Defendant notified the FTC of the possibility of his later asserting collateral estoppel and res judicata defenses on April 25, 2006, and then filed the instant motion to amend his answer on June 1, 2006. Defendant did not unduly delay in raising these affirmative defenses. And most importantly, the FTC will not be unfairly surprised or prejudiced when Defendant amends his answer and adds collateral estoppel and res judicata defenses. **Thus, for the reasons set forth in this opinion, Defendant's motion to amend his answer to assert the affirmative defenses of res judicata and collateral estoppel is granted. Defendant Que Te Park shall file his amended answer on or before July 5, 2006.**


**SO ORDERED THIS 26th DAY OF JUNE, 2006.**

_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

**Copies mailed to:**

Theodore H. Hoppock
Reille C. Montague
Heather Hippsley
Janet M. Evans
Edward Glennon
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW, NJ-3213
Washington, DC 20580

Steven M. Wernikoff
Federal Trade Commission
55 East Monroe Street
Suite 1860
Chicago, IL 60603-5713

Counsel for Plaintiff

Michael A. Ficaro
Ross E. Kimbarovsky
Richard H. Tilghman
UNGARETTI & HARRIS, LLP
3500 Three First National Plaza
70 West Madison
Chicago, IL 60602-4283

Counsel for Defendants