**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 03 C 3578** |
| v. | ) | |
| | ) | **Magistrate Judge Morton Denlow** |
| **QT, INC., Q-RAY, COMPANY,** | ) | |
| **BIO-METAL, INC., QUE TE PARK,** | ) | |
| **a.k.a. ANDREW Q. PARK, and** | ) | |
| **JUNG JOO PARK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On December 22, 2006, the Court granted in part and denied in part Defendants' motion to release frozen funds to pay their attorneys' fees, ordering any interest earned on frozen accounts to be released to Defendants' law firm, Ungaretti & Harris, LLP, on the condition that the Ungaretti firm subject itself to this Court's jurisdiction in the event the Federal Trade Commission ("FTC") were to seek review the order. On February 21, 2007, the FTC moved the Court to reconsider the December 22 order in light of newly discovered evidence. On February 23, 2007, Defendants QT, Inc. and Que Te Park filed for bankruptcy in the Northern District of Illinois. For the reasons stated below, the Court finds that the FTC's motion is not stayed by Defendants' bankruptcies, and denies the motion on the merits.

## I. THE FTC'S MOTION IS NOT STAYED

Before ruling on the merits of the FTC's motion to reconsider, the Court must answer a threshold question: whether a motion to reconsider an order releasing assets frozen under an injunction in an FTC case to pay attorneys' fees is automatically stayed by a defendant's bankruptcy. This Court has jurisdiction to answer that question. *See U.S. Dep't of Housing and Urban Dev. v. Cost Control Marketing & Sales Mgmt. of Va., Inc.*, 64 F.3d 920, 927 n. 11 (4th Cir. 1994) ("The district court had concurrent jurisdiction with the bankruptcy court to determine the effect of the bankruptcy proceeding on this case, and, because the district court's jurisdiction attached first in time, it was superior.") (citations omitted).

Under 11 U.S.C. § 362(a), actions taken against a bankruptcy debtor are automatically stayed, but certain exceptions to the automatic stay are allowed under 11 U.S.C. § 362(b), including under section 362(b)(4) "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power."

While the FTC argues that the section 362(b)(4) exception applies, the automatic stay under section 362(a) does not apply in the first place. The automatic stay provisions under section 362(a) address actions taken against the debtor or the property of the debtor's estate. Here, the FTC seeks to have the funds previously released to the Ungaretti firm under the December 22 order either returned to the accounts frozen under the Final Judgment Order

or paid into the Court. Therefore, the FTC is not taking action against the debtor or the debtor's estate, but rather against the Ungaretti firm.

Further, even if this were an action subject to section 362(a), the section 362(b)(4) exemption applies. The issue of whether a motion to reconsider an order releasing assets frozen under a preliminary injunction in an FTC case is included within section 362(b)(4) appears to be one of first impression, but a motion to modify a temporary restraining order to impose an asset freeze has been found to fall within the provisions of section 362(b)(4). *FTC v. R.A. Walker & Assoc., Inc.*, 37 B.R. 608, 609-11 (D.D.C. 1983). In the Commodity Futures Trading Commission context, an order requiring a law firm to turn over to a receiver appointed by the district court money paid to the firm by the defendant in violation of the preliminary injunction's asset freeze also qualified for an exemption to the automatic stay provision. *CFTC v. Co Petro Marketing Group, Inc.*, 700 F.2d 1279, 1283-84 (9th Cir. 1983). The circumstances in this case are sufficiently similar to counsel in favor of applying the exception. Therefore, this Court will decide the FTC's motion on the merits.

## II. THE DECEMBER 22, 2006 ORDER STANDS

The FTC argues that since the December 22, 2006 order, it has discovered that Defendants misrepresented the existence and status of certain assets at the time the motion for release of frozen funds was made, and have in fact already received interest on certain frozen accounts. The FTC asserts that this evidence is material and supports reconsideration

of the December 22 order under Federal Rule of Civil Procedure 60(b)(2).[1]

The FTC misconstrues the December 22 order. In that order, the Court separated the issues of release of interest earned on frozen accounts and release of the underlying frozen funds. The Court ordered release of the interest because the Preliminary Injunction Order originally freezing the funds at the outset of the case provided for its use to pay attorneys' fees. The Court concluded that on the basis of the Preliminary Injunction Order, the Ungaretti firm could reasonably have relied on the interest as a source of funds from which its fees would be paid. The Court denied release of the underlying frozen funds, however, until such time as Defendants could demonstrate that despite their fiscal prudence, insufficient unfrozen assets have been available to pay their legal bills. While evidence of Defendants' failure to disclose the existence or status of certain assets would certainly be relevant to a motion to release the underlying funds, it is irrelevant with respect to the interest.[2] *See, e.g., Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 722 (7th Cir.1999) (new evidence must be material and likely to produce a different result).

---

[1]"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . . ."

[2]The FTC also argues that "had this information been available to the Commission, it could have more forcefully argued that the interest on the frozen assets needed to be treated as belonging to consumers." FTC Br. at 10 n. 12. The FTC argued strenuously in its brief on the original motion that Defendants engaged in extensive asset dissipation and financial irresponsibility, but the Court found that the Ungaretti firm nonetheless retained an equitable claim to the frozen interest. The additional evidence the FTC now cites does not change the Court's analysis.

The FTC has also argued that Defendants actually received some interest from certain frozen accounts in September 2006. This does not require amendment to the December 22 order. The Court ordered release of all interest earned on frozen accounts through the date of the Final Judgment Order. To the extent Defendants have already received some of that interest, they would not be entitled to its release under the terms of the December 22 order.

The FTC further argues that the alleged misrepresentations made by Defendants permit reconsideration under Federal Rule of Civil Procedure 60(b)(3).[3] Again, the Court's decision to release the frozen interest was based on the equities as they relate to the Ungaretti firm. Only had the FTC alleged misconduct or misrepresentation by the firm would reconsideration be appropriate.

Finally, the FTC argues that Defendants misrepresented the amount of interest that had accrued as $487,741, and that the actual amount is approximately $65,000 more. The FTC "is of the view that the Court intended to award no more than $487,741." FTC Br. at 2 n. 1. The Court's intent was to release all interest earned on frozen accounts, whatever the total amount, as contemplated by the Preliminary Injunction Order. Therefore, the Court denies the FTC's motion for reconsideration.

---

[3] "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . ."

## III. CONCLUSION

The Court has jurisdiction to decide whether the FTC's motion is stayed by Defendants' bankruptcies and concludes it is not. The FTC's motion fails on the merits because the new evidence cited by the FTC is not material and would not change the Court's conclusion. **Plaintiff's motion to reconsider the Court's December 22, 2006 order is denied.**

**SO ORDERED THIS 12th DAY OF MARCH, 2007.**

_____
**MORTON DENLOW
PRESIDING MAGISTRATE JUDGE**

**Copies mailed to:**

Theodore H. Hoppock
Reille C. Montague
Heather Hippsley
Janet M. Evans
Edward Glennon
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW, NJ-3213
Washington, DC 20580

Steven M. Wernikoff
Federal Trade Commission
55 East Monroe Street, Suite 1860
Chicago, IL 60603-5713
**Counsel for Plaintiff**

Michael A. Ficaro
Ross E. Kimbarovsky
Richard H. Tilghman
UNGARETTI & HARRIS, LLP
3500 Three First National Plaza
70 West Madison
Chicago, IL 60602-4283
**Counsel for Defendants**

Lester A. Ottenheimer, III
Ottenheimer, Teplinsky, Rosenbloom
750 Lake Cook Road, Suite 140
Buffalo Grove, IL 60089
**Counsel for Defendant que Te Park**

L. Judson Todhunter
Defrees & Fiske LLC
200 South Michigan Avenue, Suite 1100
Chicago, IL 60604
**Counsel for Defendants QT, Inc.
And Q-Ray Co.**